IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania corporation<br><br>Plaintiff,<br><br>v.<br><br>TMG STAFFING SERVICES, INC., an Alabama corporation, and TMG STAFFING SERVICES, INC., a dissolved Florida corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:07CV1086-mht<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation, complains against the defendants, TMG Staffing Services, Inc., an Alabama corporation, and TMG Staffing Services, Inc., a dissolved Florida corporation, as follows:

### SUMMARY OF THE ACTION

1.  This is an action for breaches of written contracts. American Casualty Company of Reading, Pennsylvania seeks to recover more than $8 million in past due amounts owed by TMG Staffing Services, Inc., an Alabama corporation, TMG Staffing Services, Inc., a dissolved Florida corporation, or one or more of their affiliates, to American Casualty Company of Reading, Pennsylvania, under workers compensation insurance policies and related agreements.

### PARTIES

*The Plaintiff:*

2.  American Casualty Company of Reading, Pennsylvania is a Pennsylvania corporation with its principal place of business in Chicago, Illinois. American Casualty Company of Reading, Pennsylvania is also referred to in this Complaint as American Casualty.

3. American Casualty is engaged in the business of selling and providing property and casualty insurance to its clients. It also conducts business under the "CNA" service mark.

**<u>The Defendants</u>:**

4. The name TMG Staffing Services, Inc., or a slight variation of that name, has been used by two affiliated corporations.

5. One such corporation known as TMG Staffing Services, Inc. was incorporated in Alabama in 2000 and remains active in Alabama. Its principal place of business is in Dothan, Alabama.

6. Another such corporation known as TMG Staffing Services, Inc. was incorporated in Florida in 1981 and was administratively dissolved in 2006. Its principal place of business is or was in Dothan, Alabama. Under Florida law, dissolution of a corporation does not prevent commencement of a proceeding against the corporation in its corporate name. Fla. Stat. § 607.1405(2)(e).

7. Pursuant to Federal Rule of Civil Procedure 8(e)(2), all subsequent allegations of this complaint refer alternatively to the Alabama corporation, the dissolved Florida corporation, or both, and in any event by the abbreviation "TMG."

8. American Casualty believes that there may be additional entities or individuals that are also responsible for the amounts due under the insurance policies and agreements identified in this complaint. American Casualty reserves the right to seek to amend this complaint to name additional entities or individuals should American Casualty's discovery and investigation disclose that there are additional entities or individuals that are responsible for the amounts due under the insurance policies and agreements identified in this complaint.

## JURISDICTION AND VENUE

9. Jurisdiction over the subject matter is proper in this Court under 28 U.S.C. § 1332 because the parties to this action are of diverse citizenship and the amount in controversy exceeds the required jurisdictional minimum, exclusive of interest and costs. American Casualty seeks to collect more than $8 million for past due amounts.

10. Venue is proper in this Court under 28 U.S.C. § 1391(a) because both defendants reside in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

11. TMG is or was a professional employer organization ("PEO"), which contractually assumes and manages human resource and personnel responsibilities and employer risks for small to mid-sized businesses by establishing and maintaining an employer relationship with worksite employees. One of the functions that a PEO assumes for many of its clients is obtaining and maintaining workers compensation or other insurance.

12. In general, workers' compensation insurance covers job-related injuries by employees, and employers' liability insurance covers certain other injuries by employees. Workers' compensation and employers' liability insurance is often provided in the same policy.

***The Insurance Policies:***

13. American Casualty issued and TMG accepted approximately 17 insurance policies for the period of September 1, 2000 to September 1, 2001 ("2000 Insurance Policies").

14. American Casualty issued and TMG accepted approximately 33 insurance policies for the period of September 1, 2001 to September 1, 2002 ("2001 Insurance Policies"). The 2001 Insurance Policies were subsequently canceled in March 2002.

15. The 2000 Insurance Policies and the 2001 Insurance Policies are referred to collectively as the "Insurance Policies."

16. Some or all of the Insurance Policies provide workers' compensation and employers liability coverage for TMG or one or more of TMG's clients or affiliates.

17. Some or all of the 2000 Insurance Policies include a deductible of $250,000 per claim.

18. Some or all of the 2001 Insurance Policies include a deductible of $350,000 per claim.

19. Under the terms of the Insurance Policies, TMG was obligated to pay the deductibles by reimbursing American Casualty.

20. By assuming these large deductible obligations, TMG benefited by having significantly reduced premium obligations.

***The Agreements:***

21. TMG's deductible reimbursement obligations in connection with the 2000 Insurance Policies were further set forth in a Deductible Reimbursement Agreement effective as of September 1, 2000. The Deductible Reimbursement Agreement was executed by officers of TMG and American Casualty respectively.

22. TMG's deductible reimbursement obligations in connection with the 2001 Insurance Policies were further set forth in a Finance Agreement effective as of September 1, 2001. The Finance Agreement was executed by officers of TMG and American Casualty respectively.

23. The terms of the Deductible Reimbursement Agreement and the Finance Agreement are materially similar. The Deductible Reimbursement Agreement and the Finance Agreement are referred to collectively as the "Agreements."

24. The Agreements provide, among other things, that:

(a) TMG agreed to reimburse American Casualty each quarter for payments made by American Casualty on TMG's behalf during the prior quarter, including loss payments within the deductibles and allocated loss adjustment expenses;

(b) TMG also agreed to pay American Casualty a quarterly loss fund charge to compensate American Casualty for the use of its funds prior to reimbursement by TMG; and

(c) These quarterly payments were due 15 days after billing.

25. Consistent with state workers compensation laws, payments to an injured worker can be required for years after the injury and years after the expiration or termination of the policy. Accordingly, the Agreements provide, among other things, that TMG would be obligated beyond the policy periods to reimburse or pay American Casualty for loss payments and reserves within the deductible amounts and all allocated loss adjustment expenses. These payments by TMG would be due 30 days after billing.

26. The Agreements also provide, among other things, that:

(a) American Casualty has the option of charging interest on past due amounts;

(b) TMG agreed to indemnify American Casualty for the reasonable costs, expenses, and fees, including attorneys' fees, incurred by American Casualty in efforts to collect under the Agreements;

(c) American Casualty's rights and remedies would survive the expiration or termination of the Insurance Policies and the Agreements; and

(d) The Agreements will be construed and governed by Illinois law.

## COUNT I – BREACH OF THE 2000 POLICIES AND DEDUCTIBLE REIMBURSEMENT AGREEMENT

25. American Casualty repeats and realleges paragraphs 1-24 as if fully set forth herein.

26. American Casualty has performed any and all obligations to be performed by it under the 2000 Insurance Policies and the Deductible Reimbursement Agreement.

27. During and after the term of the Deductible Reimbursement Agreement, TMG accepted the benefits of the 2000 Insurance Policies and the Deductible Reimbursement Agreement.

28. During the calendar years 2000, 2001, and 2002, TMG performed some or all of its obligations under the 2000 Insurance Policies and the Deductible Reimbursement Agreement.

29. Despite demands by American Casualty, TMG has failed and refused to pay amounts due under the 2000 Insurance Policies and the Deductible Reimbursement Agreement.

30. As a proximate result of TMG's breaches of the 2000 Insurance Policies and the Deductible Reimbursement Agreement, American Casualty has suffered damages in excess of $75,000, exclusive of interest and costs.

WHEREFORE, plaintiff American Casualty Company of Reading, Pennsylvania respectfully requests that the Court enter judgment in its favor and against defendants TMG Staffing Services, Inc., an Alabama corporation, and TMG Staffing Services, Inc., a dissolved Florida corporation, and award American Casualty its actual damages in an amount to be proved, but in any event greater than $75,000, exclusive of interest and costs. American Casualty further requests prejudgment interest as allowed by law, all costs and expenses of this action, including attorneys' fees, and any other relief the Court considers just and necessary under the circumstances.

## COUNT II – BREACH OF THE 2001 POLICIES
## AND FINANCE AGREEMENT

31. American Casualty repeats and realleges paragraphs 1-24 as if fully set forth herein.

32. American Casualty have performed any and all obligations to be performed by them under the 2001 Insurance Policies and the Finance Agreement.

33. During and after the terms of the 2001 Insurance Policies and the Finance Agreement, TMG accepted the benefits of the Finance Agreement.

34. During the calendar years 2001 and 2002, TMG performed some or all of their obligations under the 2001 Insurance Policies and the Finance Agreement.

35. Despite demands by American Casualty, TMG has failed and refused to pay amounts due under the 2001 Insurance Policies and the Finance Agreement.

36. As a proximate result of TMG's breaches of the 2001 Insurance Policies and the Finance Agreement, American Casualty has suffered damages in excess of $75,000, exclusive of interest and costs.

WHEREFORE, plaintiff American Casualty Company of Reading, Pennsylvania respectfully requests that the Court enter judgment in its favor and against defendants TMG Staffing Services, Inc., an Alabama corporation, and TMG Staffing Services, Inc., a dissolved Florida corporation, and award American Casualty its actual damages in an amount to be proved, but in any event greater than $75,000, exclusive of interest and costs. American Casualty further requests prejudgment interest as allowed by law, all costs and expenses of this action, including attorneys' fees, and any other relief the Court considers just and necessary under the circumstances.

DATED: December 13, 2007

Respectfully submitted,

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

By: /s/ Elizabeth W. McElroy
One of Its Attorneys

Wade H. Baxley
Ramsey, Baxley & McDougle
P.O. Drawer 1486
Dothan, Alabama 36302
334-793-6550

Elizabeth W. McElroy
Baxley, Dillard, Dauphin, McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233
205-271-1100

*Candidates for Pro Hac Vice Admission:*
Michael L. McCluggage
R. John Street
Kenneth M. Gorenberg
Matthew J. Caccamo
Robert C. Deegan
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, IL 60606
312-201-2000

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001594
Cashier ID: brobinso
Transaction Date: 12/14/2007
Payer Name: BAXLEY DILLARD DAUPHIN
------------------------------------
CIVIL FILING FEE
 For: BAXLEY DILLARD DAUPHIN
 Case/Party: D-ALM-1-07-CV-001086-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 266601
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

AMERICAN CASUALTY ETC
```